IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **JACKIE STONE,** | **CASE NO. 2:07-cv-363** |
| | **JUDGE FROST** |
| **Petitioner,** | **MAGISTRATE JUDGE ABEL** |
| v. | |
| **ERNIE MOORE, Warden,** | |
| **Respondent.** | |

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. This matter is before the Court on the instant petition, respondent's return of writ, petitioner's traverse, and the exhibits of the parties. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that the petition for a writ of habeas corpus be **DENIED**.

## FACTS AND PROCEDURAL HISTORY

Petitioner was indicted by the September 1999 term of the Franklin County grand jury on one count of robbery, in violation of O.R.C. §2911.02, two counts of aggravated murder, in violation of O.R.C. §2903.01, two counts of attempted aggravated murder, in violation of O.R.C. §§2923.02, 2903.03, one count of aggravated robbery, in violation of O.R.C. 2911.01, one count of improperly discharging a firearm at or into a habitation or school, in violation of O.R.C. §2923.161, and one count of having a weapon while under disability, in violation of O.R.C. §2923.13, with firearm specifications. *Exhibit 1 to Return of Writ*. On May 15, 2000, while represented by counsel and after jury selection had begun, petitioner pleaded guilty to

the lesser included offense of murder and to felonious assault with a firearm specification. The remaining charges were dismissed. Stone executed a written guilty plea. The prosecutor set out the facts supporting the charges. Stone indicated that it was his intent to plead guilty and that he did not want to go forward with the trial. He told the judge that he had no questions about his guilty plea. *Exhibit 2 to Return of Writ*. The trial court sentenced him to the agreed sentence of fifteen years to life incarceration and a concurrent term of seven years incarceration, plus a consecutive term of three years on the firearm specification. *Exhibit 3 to Return of Writ*. Petitioner did not timely appeal; however, on January 3, 2001, he filed a *pro se* motion to withdraw his guilty plea in which petitioner asserted that his guilty plea was not knowing, intelligent or voluntary because he was on medication at the time of his guilty plea. *Exhibit 5 to Return of Writ*. Apparently, the trial court has never issued a ruling on petitioner's motion. *See Return of Writ*, at 3.

On June 29, 2006, petitioner filed a motion for delayed appeal. As cause for his untimely filing, petitioner alleged that neither the trial court nor his attorney had advised him of his right to appeal or the time limit for filing an appeal. *Exhibits 8 and 9 to Return of Writ*. Stone did not explain why he waited over six years to file the motion for delayed appeal. He did not provide an affidavit stating when and how he first learned that he could file a motion for delayed appeal. On August 8, 2006, the appellate court denied petitioner's motion for delayed appeal. It held that Stone had failed to explain the six-year delay between the judgment of conviction and his motion for delayed appeal. *Exhibit 11 to Return of Writ*. Petitioner filed a timely appeal to the Ohio Supreme Court. He raised the following propositions of law:

> 1. It is the denial of the absolute right to procedural due process

> of law for a court of appeal to overrule a motion for leave to appeal in lieu of record evidence that the defendant waived his right to appeal and the right to court appointed counsel for such appeal....
>
> 2. Defendant-appellant's conviction and sentences are void where the trial court failed to inform him of the nature of the murder offense before accepting his guilty plea [] thereby rendering such plea unknowing and unintelligent.
>
> 3. Defendant-appellant is deprived of the effective assistance of counsel where such counsel failed to assure that the trial court informed appellant of the nature of the offenses before entering the guilty pleas.

*Exhibit 13 to Return of Writ.* On November 1, 2006, the Ohio Supreme Court denied leave to appeal and dismissed the appeal as not involving any substantial constitutional question. *Exhibit 15 to Return of Writ.*

On April 24, 2007, petitioner filed the instant *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. He alleges that he is in the custody of the respondent in violation of the Constitution of the United States based upon the following grounds:

> 1. State courts deprived petitioner of his absolute right to procedural due process of law under the 14th Amendment.
>
> 2. Due process denial of right to court appointed counsel for appeal.
>
> 3. Ineffective assistance of trial counsel.

It is the position of the respondent that petitioner's claims are not appropriate for federal habeas corpus review and without merit.

3

## CLAIMS FOR RELIEF

In claims one and two, petitioner asserts that the state appellate court improperly denied his motion for delayed appeal and denied him the right to court appointed counsel on appeal. In the third claim, petitioner alleges that he was denied the effective assistance of trial counsel.

Petitioner's assertion that the state appellate court improperly denied his motion for delayed appeal under Ohio Appellate Rule 5(A) fails to raise an issue appropriate for federal habeas corpus review. Such allegation addresses a collateral matter that is unrelated to petitioner's detention. "[T]he essence of habeas is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez,* 411 U.S. 475, 484 (1973). Further, this claim challenges neither the fact nor duration of petitioner's confinement. *See Kirby v. Dutton,* 794 F.2d 245, 246 (6th Cir.1986).

Also, to the extent that petitioner raises an issue regarding the violation of state law, such claim is not appropriate for federal habeas corpus review. A federal court may review a state prisoner's habeas petition only on the ground that the challenged confinement is in violation of the Constitution, laws or treaties of the United States. 28 U.S.C. § 2254(a). A federal court may not issue a writ of habeas corpus "on the basis of a perceived error of state law." *Pulley v. Harris,* 465 U.S. 37, 41 (1984): *Smith v. Sowders,* 848 F.2d 735, 738 (6th Cir.1988). A federal habeas court does not function as an additional state appellate court reviewing state courts' decisions on state law or procedure. *Allen v. Morris,* 845 F.2d 610, 614 (6th Cir.1988). " '[F]ederal courts must defer to a state court's interpretation of its own rules of evidence and

4

procedure' " in considering a habeas petition. *Id.* (quoting *Machin v. Wainwright,* 758 F.2d 1431, 1433 (11th Cir.1985)). Only where the error resulted in the denial of fundamental fairness will habeas relief be granted. *Cooper v. Sowders,* 837 F.2d 284, 286 (6th Cir.1988). Such are not the circumstances here.

However, petitioner also asserts that he was denied the right to appeal because neither the trial court nor his attorney advised him of his right to appeal, the right to court appointed counsel for that appeal, or the thirty day time limit for filing an appeal, and the state appellate court thereafter denied his motion for delayed appeal. *See Petition; Traverse.* In response, respondent contends that petitioner had no right to appeal his guilty plea and waived his right to appeal because he was sentenced pursuant to the joint recommendation of the parties.

This Court is not persuaded by respondent's arguments. As summarized by the United States Court of Appeals for the Southern District of Ohio, Western Division in *Wolfe v. Randle*, 267 F.Supp.2d 743, 747 (S.D. Ohio 2003):

> [D]ue process is offended when a defendant who pled guilty is kept completely ignorant of his appellate rights. Cf. *Peguero v. U.S.*, 526 U.S. 23, 119 S.Ct. 961, 143 L.Ed.2d 18; *White v. Johnson,* 180 F.3d 648, 652 (5th Cir.1999). The Supreme Court has addressed the procedural requirements for indigent defendants in the appellate process on several occasions. In *Griffin v. Illinois,* 351 U.S. 12, 18, 76 S.Ct. 585, 100 L.Ed. 891 (1956), the Court held that an indigent defendant is entitled to a transcript in order to pursue an appeal. The Court later held that indigent defendants had a right to counsel on their first appeal, *Douglas v. California,* 372 U.S. 353, 365-57, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963), and that all defendants have the right to effective assistance of appellate counsel, *Evitts v. Lucey,* 469 U.S. 387, 393, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985). The right of notice is more fundamental than the rights previously guaranteed by the Supreme Court. Precedent therefore dictates that failure to inform an indigent defendant of their appellate

5

rights violates due process. .... [D]ue process rights are implicated when a delayed appeal is the result of a lower court's failure to ensure that an indigent defendant's appellate rights are protected.

\*\*\*

The Constitution is violated if a convicted defendant is not given the right to appeal "by reason of his lack of knowledge of his right and the failure of his counsel or the court to advise him of his right to appeal with the aid of counsel." *Jacobs v. Mohr,* 265 F.3d 407, 419 (6th Cir.2001) (citing *Goodwin v. Cardwell,* 432 F.2d 521, 522-23 (6th Cir.1970)). The defendant has ultimate authority in making certain fundamental determinations pertaining to his case, including the right to appeal. *Jones v. Barnes,* 463 U.S. 745, 751, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983). The authority to pursue an appeal, even one following a guilty plea, is the defendant's alone. *Marrow v. United States,* 772 F.2d 525, 530 (9th Cir.1985). The decision to appeal is not the determination of defendant's lawyer. *Id.* In order to make such a decision, the defendant must have knowledge about the appeals options available to him. *United States ex rel. Smith v. McMann,* 417 F.2d 648, 654 (2d Cir.1969), *cert. denied,* 397 U.S. 925, 90 S.Ct. 929, 25 L.Ed.2d 105 (1970) (construing *Douglas v. California* as imposing on a state "a duty to warn every person convicted of a crime of his right to appeal...the right to appeal at the expense of the state is a mere illusion if the convicted indigent defendant does not know such a right exists."); *State v. Sims,* 27 Ohio St.2d 79, 272 N.E.2d 87, 91 (1971) (finding that "in the absence of evidence in the record upon which it could be determined that an indigent convicted defendant knowingly and intelligently waived his right of direct appeal...it was error for the Court of Appeals to dismiss the motion for leave to appeal without making such a factual determination.")

In order to be properly informed, a defendant must be told of his right to appeal, the procedures and time limits involved in proceeding with that appeal, and the right to have the assistance of appointed counsel for that appeal. *White,* 180 F.3d at 652 (5th Cir.1999), *Norris v. Wainwright,* 588 F.2d 130, 135 (5th Cir.), *cert. denied,* 444 U.S. 846, 100 S.Ct. 93, 62 L.Ed.2d 60 (1979) The petitioner bears the burden of showing by a preponderance of the evidence that he was not advised of his rights. *Faught v. Cowan,* 507 F.2d 273, 275 (6th Cir.1974), *cert. denied,* 421 U.S. 919, 95 S.Ct.

> 1583, 43 L.Ed.2d 786 (1975). Further, a defendant cannot base a claim on the court's failure to inform him of his appellate rights if he has personal knowledge of these rights. *Peguero,* 526 U.S. at 29-30, 119 S.Ct. 961(citing *Soto v. U.S.,* 185 F.3d 48, 54 (2d Cir.1999)).

*Id. See also Thompson v. Wilson*, 523 F.Supp.2d 626, 632 (N.D. Ohio 2007).

Nothing in the record before this Court indicates that either the trial court or defense counsel advised petitioner of his right to appeal. To the contrary, the trial court explicitly advised petitioner that he was waiving the right to appeal by entering the guilty plea.

> COURT: Do you understand at the end of the trial, if you were convicted, you would then have a right to appeal this conviction?
>
> DEFENDANT: Yes, ma'am.
>
> COURT: If you proceed by pleading guilty and admitting your guilt, do you understand then that you would not be in a position to appeal your conviction and you would be waiving all of these rights that we just discussed?
>
> DEFENDANT: Yes, ma'am.

*Sentencing Transcript,* at 8. Likewise, petitioner signed an *Entry of Guilty Plea* form which acknowledging that he understood that he was waiving his right "to appeal the verdict and rulings of the trial Court made before or during trial, should those rulings or the verdict be against my interests." *Exhibit 3 to Return of Writ*.

Under Ohio law, petitioner waived his right to appeal his sentence when the trial court sentenced him pursuant to the joint recommendation of the parties. O.R.C. § 2953.08(D) provides in relevant part:

7

> A sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge ....

*See also State v. Porterfield,* 106 Ohio St.3d 5, 829 N.E.2d 690 (2005); *see also State v. Dennison,* 2005 WL 2882922 (Ohio App. 10 Dist. November 3, 2005); *State v. Tillman,* 2004 WL 835845 (Ohio App. 6 Dist. April 16, 2004); *State v. Lentz,* 2003 WL 576646 (Ohio App. 2 Dist. February 28, 2003) *State v. Stacy,* 1999 WL 29075 (Ohio App. 12 Dist.1999).

> A sentence is "authorized by law" and, therefore, not subject to review, if it falls within the statutory range of available sentences.

*State v. Atchley*, 2005 WL 590696 (Ohio App. 10 Dist. March 15, 2005)(citations omitted). Such were the circumstances here. Still, although petitioner's guilty plea foreclosed many issues that otherwise might be raised on appeal, *see Tollett v. Henderson*, 411 U.S. 258, 267 (1973); *Kowalak v. United States*, 645 F.2d 534, 537 (6th Cir. 1981)("[a] valid guilty plea is generally regarded as a waiver of all nonjurisdictional defects or errors.")(citations omitted), it did not foreclose a challenge the voluntariness of his plea. *See United States v. Mader*, 251 F.3d 1099, 1103 (6th Cir. 2001)(defendant's written waiver of right to appeal his sentence did not constitute a waiver of his right to appeal the validity of his guilty plea); *United States v. General*, 278 F.3d 389, 399 n.4 (4th Cir. 2002)(same)(citations omitted).

> [W]hile R.C. 2953.08(D) forecloses review of the agreed sentences, it does not prevent an appellate court from reviewing the validity of the pleas that resulted in the sentences. [FN11] The basic tenets of due process require that a guilty plea be made "knowingly, intelligently, and voluntarily ." [FN12]
>
> FN11. *State v. Scott,* 11th Dist. No.2003-T-0172, 2005-Ohio-689, ¶ 3;

8

> *State v. Tillman,* 6th Dist. No. H-02-004, 2004-Ohio-1967, ¶ 12; *Sattiewhite, supra.*
>
> FN12. *State v. Engle,* 74 Ohio St.3d 525, 527, 1996-Ohio-179, 660 N.E.2d 450; *Akron v. Hendon,* 9th Dist. No. 22791, 2006-Ohio-1038, ¶ 4.

*State v. Simmons*, 2006 WL 3111415 (Ohio App. 1 Dist. November 3, 2006).

However, petitioner did not file a timely appeal; and he failed to demonstrate good cause for waiting over six years to file a motion for delayed appeal. Consequently, his federal claims are waived by his failure to timely present them to the Ohio courts. *Scuba v. Brigano,* 527 F.3d 479, 488 (6th Cir. 2007). Petitioner has not demonstrated cause for not filing a motion for delayed appeal earlier than six years following his conviction; therefore, his federal claims are procedurally barred from being raised in habeas corpus. 527 F.3d at 488-89.

For all of the foregoing reasons, the Magistrate Judge **RECOMMENDS** that the petition for a writ of habeas corpus be **DENIED**.

If any party objects to this *Report and Recommendation*, that party may, within ten (10) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation*. See *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

s/Mark R. Abel  
United States Magistrate Judge
