IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JACKIE STONE,                               CASE NO. 2:07-cv-363
                                            JUDGE FROST
       Petitioner,                         MAGISTRATE JUDGE ABEL

v.

ERNIE MOORE, Warden,

       Respondent.

## ORDER

Petitioner Jackie Stone, a state prisoner, brought this action for petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254 alleging that the state appellate court improperly denied his motion for delayed appeal, that it denied him the right to court appointed counsel on appeal, and that he was denied the effective assistance of trial counsel.  This matter is before the Court on petitioner's July 17, 2008 objections to Magistrate Judge Abel's July 7, 2007 Report and Recommendation that the petition be denied because Stone waived these claims by not timely presenting them to the Ohio courts.

Petitioner Stone argues that he has demonstrated cause for his failure to file a timely appeal and resulting prejudice.  He asserts that he did not file a timely appeal because neither his attorney nor the trial judge advised him of his right to appeal.

Stone was charged with one count of robbery, in violation of O.R.C. §2911.02, two counts of aggravated murder, in violation of O.R.C. §2903.01, two counts of attempted aggravated murder, in violation of O.R.C. §§2923.02, 2903.03, one count of aggravated

robbery, in violation of O.R.C. 2911.01, one count of improperly discharging a firearm at or into a habitation or school, in violation of O.R.C. §2923.161, and one count of having a weapon while under disability, in violation of O.R.C. §2923.13, with firearm specifications. After jury selection had begun on May 15, 2000, Stone entered counseled guilty pleas to the lesser included offense of murder and to felonious assault with a firearm specification. The remaining charges were dismissed. He signed a written guilty plea. The prosecutor set out the facts supporting the charges. Stone indicated that it was his intent to plead guilty and that he did not want to go forward with the trial. He told the judge that he had no questions about his guilty plea. The trial court sentenced him to the agreed sentence of fifteen years to life incarceration and a concurrent term of seven years incarceration, plus a consecutive term of three years on the firearm specification.

Stone did not file his motion for delayed appeal until more than six years later. As the Magistrate Judge noted, he did not explain why he waited over six years to file the motion for delayed appeal. He did not provide an affidavit stating when and how he first learned that he could file a motion for delayed appeal. On August 8, 2006, the Ohio Court of Appeals denied Stone's motion for delayed appeal because he had failed to explain the six-year delay between the judgment of conviction and his motion for delayed appeal.

Because the trial judge imposed the jointly recommended sentence, petitioner waived his right to appeal his sentence. O.R.C. § 2953.08(D). He did retain the right to appeal on the ground that his guilty plea was not knowingly and voluntarily made. *See Tollett v. Henderson*, 411 U.S. 258, 267 (1973); *Kowalak v. United States*, 645 F.2d 534, 537 (6th Cir. 1981); *United States v. Mader*, 251 F.3d 1099, 1103 (6th Cir. 2001); *United States v. General*,

278 F.3d 389, 399 n.4 (4th Cir. 2002); *State v. Simmons*, 2006 WL 3111415 (Ohio App. 1 Dist. November 3, 2006).

But as the Magistrate Judge found, petitioner Stone did not file a timely appeal; and he failed to demonstrate good cause for waiting over six years to file a motion for delayed appeal. Consequently, his federal claims are waived by his failure to timely present them to the Ohio courts. *Scuba v. Brigano,* 527 F.3d 479, 488 (6th Cir. 2007). Petitioner's unsupported argument that the failure of his attorney and the trial judge to advise him that he could appeal the voluntariness of his guilty plea explains his failure to act sooner does not demonstrate cause for waiting more than six years to file a motion for delayed appeal. Consequently, petitioner's federal claims are procedurally barred from being raised in habeas corpus. 527 F.3d at 488-89.

Petitioner Stone's July 17, 2008 objections to the Report and Recommendation (doc. 11) are **OVERRULED.** The Clerk of Court is **DIRECTED** to enter **JUDGMENT** dismissing the petition for writ of habeas corpus.

                                                      /s/ Gregory L. Frost  
                                                      Gregory L. Frost  
                                                      United States District Judge